RICK D. ROSKELLEY, ESQ., BAR # 3192
NOEL E. EIDSMORE, ESQ. BAR# 7688
LITTLER MENDELSON
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89109
Telephone: 702.862.8800
Fax No.: 702.862.8811

Attorneys for Defendant
MC COMMUNICATIONS, INC.



UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID DENT, individually and on behalf of others similarly situated,

    Plaintiff,

vs.

MC COMMUNICATIONS, INC., COX COMMUNICATIONS LAS VEGAS, INC., JOHN WEHRMAN and ROBERT HAYES,

    Defendant.

Case No. CV-S-04-1197-LRH-RJJ

**DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), MC Communications hereby moves this Court for an Order dismissing Plaintiff's Complaint, as Plaintiff has entered into an agreement waiving any and all further claims, including those set forth in his Complaint.

Plaintiff's Complaint states causes of action against Defendant, MC Communications, Inc., alleging violations of the Fair Labor Standards Act and Nevada Revised Statutes §608. Plaintiff seeks to recover minimum wage and overtime for hours work while he was an employee of MC Communications. What Plaintiff fails to set forth in his Complaint is that on March 8, 2004, he executed a Receipt for Payment of Lost or Denied Wages, Employment benefits or Other Compensation (DOL WH-58), has already accepted payment of his back wages, and released any




and all further claims for wages and or damages, pursuant to *29 USC 216 (c)*. Therefore, Plaintiff's Complaint has failed to state causes of action for which relief can be granted as a matter of law, under FRCP 12(b)(6).

This Motion is based upon the following points and authorities, the attached exhibit and any oral argument permitted by the Court.

Dated: October 29, 2004

RICK D. ROSKELLEY, ESQ.
NOEL EIDSMORE, ESQ.
LITTLER MENDELSON
Attorneys for Defendant

## MEMORANDUM OF POINTS AND AUTHORITIES

I.

### INTRODUCTION

Plaintiff, David Dent ("Plaintiff"), was employed by Defendant MC Communications as a cable installer. In October of 2003, Plaintiff was discharged from employment for cause. **Complaint, ¶15.** Plaintiff does not take issue with his discharge in this case. After his discharge, Plaintiff filed a complaint for unpaid back wages with the Department of Labor. The Secretary of Labor through the local Wage and Hour Division of the Department of Labor reached an agreement to settle Plaintiff's claims for wages and damages with Defendant MC Communications. The amount to be paid was calculated by the Wage and Hour Division, and an agreement to pay back wages was memorialized on a Department of Labor Form WH-58. See, Receipt for Payment of Lost or Denied Wages, Employment benefits or Other Compensation (DOL WH-58) attached hereto as **Exhibit 1**. This agreement, which was supervised by the Secretary of Labor, was entered into on March 8, 2004, and Plaintiff received a payment from Defendant.

2.

1    Despite this clear and unambiguous statutory waiver that attaches to acceptance of such a
2    payment, Plaintiff filed a Complaint on August 27, 2004, seeking wages and damages for hours
3    worked as an employee at MC Communications. Plaintiff, apparently suffering from "buyers"
4    remorse after settling his claims and taking the money, now alleges that MC Communications owes
5    him additional wages under the Fair Labor Standards Act (FLSA) and Nevada Revised Statutes §608
6    despite his release of claims. Plaintiff now claims that certain causes of action are not waived,
7    despite the clear language of the statute, in particular claims for liquidated damages, and claims
8    alleging a willful violation.
9        This position, however, is not only contrary to established law but defies logic itself. The
10   courts that have considered the issue of the scope of a release supervised by the Secretary of Labor
11   under Section 16(c) of the FLSA have uniformly held that the release is conclusive and releases all
12   claims: back wages, liquidated damages and statute of limitation. Clearly, Plaintiff's position in this
13   case is antithetical to the very purposes of Section 16(c) of the FLSA. For these reasons, Plaintiff's
14   Complaint should be dismissed as a matter of law.

## II.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff entered into an agreement with MC Communications, resulting in payment to him of unpaid wages and his waiver of any further claims under the Act. The Department of Labor Receipt for Payment of Lost or Denied Wages, Employment Benefits, or Other Compensation ("Receipt") should be considered by the Court without converting this motion into one for summary judgment even though Plaintiff's Complaint avoids reference to that document. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (adopting the rule that a district court ruling on a motion to dismiss may consider a document that is crucial to a plaintiff's claims, but not explicitly incorporated in the complaint if the authenticity of the document is not contested). As explained below, the document is

3.

crucial to Plaintiff's claims, in which he is seeking to assert claims that he has waived by acceptance of payment of unpaid wages. Should the Court determine that it cannot consider the receipt and still treat this as a motion to dismiss under Rule 12(b)(6), Defendant requests that the Court treat this motion as one seeking summary judgment and/or summary adjudication pursuant to Rule 56.

## III.

## LEGAL STANDARD FOR MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir.2002). A motion to dismiss should be granted where the complaint fails to allege sufficient facts to constitute a cognizable cause of action or legal theory of recovery. FED. R. CIV. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732, (9th Cir.2001). Furthermore, a complaint is subject to dismissal if it lacks allegations regarding an element necessary to obtain relief. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (citing *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Here, Plaintiff's entire Complaint should be dismissed, as the clear language of 29 USC 216 (c) bars any further claims against Defendant in this matter.

This Motion is supported by the WH-58 form attached hereto as **Exhibit 1**. As set forth above, inclusion of the form does not require the Court to convert this to a motion for summary judgment. In *Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998), the Ninth Circuit extended consideration of documents outside the pleadings to include those whose existence was intrinsic to the Plaintiff's claims and whose authenticity was not in question. The Court held that such an extension was warranted in order to prevent plaintiffs from "surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based. *See Pension Benefit Guaranty Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)." *Id.* at 706.

Las Vegas:28354.1 043277.1005

4.

The authenticity of the form is not in question, nor is there any question that Plaintiff negotiated a settlement with Defendant with the assistance of the Department of Labor. Plaintiff's complaint necessarily relies on the settlement set forth in the form, as he is claiming that the Department of Labor did not intend it as a settlement of all of Plaintiff's claims against Defendant.

## IV.

## LEGAL ARGUMENT AND ANALYSIS

Section 16(c) of the FLSA specifically authorizes the Secretary of Labor to "supervise the payment of the unpaid minimum wages or the unpaid overtime compensation" to employees in the United States. Section 16(c) further invests the Secretary to bring an action in any court of competent jurisdiction to recover the same. This power of supervision is exclusive. Indeed, an employee may only release claims for wages under the FLSA under the Supervision of the Secretary of Labor or by court approval. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

Section 16(c) also addresses the scope of the waiver of claims following receipt of payment for back wages which was supervised by the Secretary of Labor. Section 16(c) specifically states that when the Secretary supervises the payment of back wages "the agreement of any employee to accept such payment <u>shall</u> upon payment in full <u>constitute a waiver</u> by such employee of <u>any right</u> he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an <u>additional equal amount as liquidated damages</u>." *29 USC 216(c)* (emphasis added). The purpose of this language is clearly to give conclusive effect to a waiver supervised by the Secretary of Labor under his or her exclusive authority. *See Sneed v. Sneed's Shipbuilding, Inc.* 545 F.2d 537, 539 (5th Cir. 1977).

Accordingly, the language of the statute provides that on acceptance of payment of wages supervised by the Secretary of Labor the employee waives all rights to payment for unpaid wages or

5.

overtime. Of necessity this includes claims for liquidated damages and claims to a third year of back wages under an expanded statute of limitations. Indeed, the statutory language of Section 16(c) specifically states that the employee waives "liquidated damages." Further, by stating that the employee has also waived "any right" to back wages clearly includes all back wages regardless of the statute of limitations applied by the Secretary in negotiating payment. This is set forth on the WH-58 form as well. See **Exhibit 1**.

This position has been accepted by all courts that have considered the issue. Indeed, the courts have uniformly held that acceptance of payment in conjunction with a settlement of wage claims by the Department of Labor is a conclusive waiver of all claims under Section 16. *See Niland v. Delta Recycling Corp.*, 377 F. 3d 1244, 1247 (11th Cir. 2004); *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Sneed v. Sneed's Shipbuilding, Inc.* 545 F.2d 537 (5th Cir. 1977).

*Sneed v. Sneed's Shipbuilding, Inc.* 545 F.2d 537 (5th Cir. 1977) presents a situation identical to the instant matter. In *Sneed*, an employee who accepted his check for payment of back wages returned the check without cashing it upon his attorney's advice that he was entitled to additional monies. The employee then attempted to bring an action against the employer for back wages and liquidated damages. On Motion for Summary Judgment, the Court determined that the employee had waived his right to bring an action by accepting the check, and that a valid waiver of any right to sue was established at that time.[1]

More recently, the Eleventh Circuit dismissed a Plaintiff's complaint in its entirety, including a specific claim for liquidated damages, based on his waiver under 216 (c) by accepting payment of

. . .

---

[1] In *Solis v. Hotels.com Texas, Inc.* 2004 US. Dist. Lexis 17199 (ND Tex 2004) the Court, citing *Sneed*, dismissed a complaint alleging fraud in the determination of back pay, which specifically alleged a willful violation of the statute and requested a three year statute of limitations, after the Plaintiff had accepted a check for payment of back wages.

back wages under an agreement supervised by the Secretary of Labor. *Niland v. Delta Recycling Corp.*, 377 F. 3d 1244, 1247 (11th Cir. 2004).

The policy consideration for finding that acceptance of the check constitutes a complete waiver of all claims under the FLSA was discussed by the Secretary of Labor in an amicus curiae brief filed in the *Niland* case urging the upholding of the waiver:

> "Unless this Court affirms the district court's ruling that Robert Niland may not continue his action under section 16(b) of the FLSA after accepting payment of back wages under an agreement supervised by the Secretary under section 16(c), it will be significantly more difficult for the Secretary to obtain back wages for employees under section 16(c) of the FLSA; employers would have no assurance that a supervised settlement with the Department, accompanied by signed waivers from employees, would satisfy their liability, and they would thus be reluctant to reach any settlement. A reversal would undermine the purpose of section 16(c) of the FLSA -- to encourage voluntary restitution by employers of unpaid minimum wage and overtime compensation. The consequent disincentive for employers to enter into settlement agreements would necessarily increase litigation."

The clear intent of 216 (c) is to resolve completely any issues arising from a claim for unpaid wages once payment is made. This is a view shared not only by the Courts, but by the Secretary of Labor as well.

By bringing this action, Plaintiff is ignoring the very waiver that he agreed to when he accepted payment of back wages from Defendant. The fact that Plaintiff now believes he could have or should have demanded more is not relevant. Plaintiff has resolved his claim. No amount of artful pleading can change that fact. Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

. . .

. . .

. . .

. . .

. . .

# V.

## CONCLUSION

Based upon the foregoing, Plaintiff has failed to state a claim for which relief can be granted, and an order dismissing the complaint is appropriate.

DATED: October 29, 2004.

By: _____
RICK ROSKELLEY, ESQ.
NOEL E. EIDSMORE, ESQ.
LITTLER MENDELSON
Attorneys for Defendants

**PROOF OF SERVICE BY MAIL**

I, Maribel Rodriguez, hereby declare and state:

I am over the age of eighteen years, employed by Littler Mendelson in the County of Clark, Nevada, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89109.

On October 29, 2004, I served the foregoing **DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT** on the following in said cause by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Postal Service mail at Las Vegas, Nevada, addressed as follows:

Leon Greenberg
633 South Fourth Street
Suite 9
Las Vegas, NV 89101
Attorney for Plaintiffs

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 29, 2004, at Las Vegas, Nevada.

*/s/ Maribel Rodriguez*
MARIBEL RODRIGUEZ

Las_Vegas:28354.1 043277.1005                               9.

**Receipt For Payment of L___ or Denied Wages, Employment Benefits, or Other Compensation**

As computed or approved by the Wage and Hour Division

**U.S. Department of Labor**
Wage and Hour Division
Employment Standards Administration

I, __DAVIS, DENT__ (Type or print name of employee), hereby acknowledge receipt of payment in full

from __MC COMMUNICATIONS  3111 S. VALLEY VIEW A114 LASVEGAS, NV. 8910__
(Name and location of establishment)

for the period beginning with the workweek ending __5-04-02__ through the workweek ending __10-11-03__

(as shown in the column to the right) under the Act(s) indicated in the marked box(es): of unpaid wages, employment benefits, or other compensation due me

- [✓] The Fair Labor Standards Act [1]
- [ ] The Employee Polygraph Protection Act [2]
- [ ] The Family and Medical Leave Act [3]
- [ ] The Walsh-Healey Public Contracts Act
- [ ] H2A
- [ ] The Service Contract Act
- [ ] The Davis-Bacon and Related Acts
- [ ] The Contract Work Hours and Safety Standards Act
- [ ] Title III - Consumer Credit Protection Act
- [ ] Other _____

Gross amount $ __12623.30__
Legal deductions $ __4725.34__
Net amount received $ __7897.94__

[1] **NOTICE TO EMPLOYEE UNDER THE FAIR LABOR STANDARDS ACT** - Your acceptance of back wages due under the Fair Labor Standards Ac means that you have given up any right you may have to bring suit for such back wages under Section 16(b) of that Act. Section 16(b) provides that an employee may bring suit on his/her own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorney's fees and court costs. Generally, a 2-year statute of limitations applies to the recovery of back wages. Do not sign this receipt unless you have actually received payment of the back wages due.

[2] **NOTICE TO EMPLOYEE UNDER THE EMPLOYEE POLYGRAPH PROTECTION ACT** - Your acceptance of lost wages and benefits under the Employee Polygraph Protection Act means that you have given up any right you may have to bring suit for such lost wages and benefits, attorney's fees and court costs. Generally, a 3-year statute of limitations applies to the recovery of lost wages and benefits. Do not sign this receipt unless you have actually received payment of the amounts due.

[3] **NOTICE TO EMPLOYEE UNDER THE FAMILY AND MEDICAL LEAVE ACT** - Your acceptance of lost or denied wages, employment benefits, or other compensation due under the Family and Medical Leave Act means that you have given up any right you may have to bring suit for such amounts under Section 107(a) of that Act. Section 107(a) provides that an employee may bring suit on his/her own behalf for lost or denied wages, salary, employment benefits or other compensation, interest on the lost or denied amounts calculated at the prevailing rate, an additional amount as liquidated damages, plus attorney's fees and court costs. Generally, a 2-year statute of limitations applies to the recovery of amounts due. Do not sign this receipt unless you have actually received payment of the amounts due.

Signature of employee _____

Date __3/8/4__   Address __4124 Coburn N, Las Vegas NV 89032__
(Number, Street, (Apt. No.), City, State, ZIP Code)

**EMPLOYER'S CERTIFICATION**
To Wage and Hour Division, Employment Standards Administration, U.S. Department of Labor

I hereby certify that I have on this (date) __3-8-04__ paid the above-named employee in full covering lost or denied wages, employment benefits, or other compensation as stated above.

Signed _____ Title __SEC/TREA__
(Employer or authorized representative)

**PENALTIES INCLUDING FINES OR IMPRISONMENT ARE PRESCRIBED FOR A FALSE STATEMENT OR MISREPRESENTATION UNDER U.S. CODE, TITLE 18, SEC. 1001.**

1. WAGE & HOUR DIVISION 

Form WH-58 (Rev. June 1998)